DAVID T. WEI (230729)(dwei@ax-law.com)
MARCEL F. DE ARMAS (289282)(mdearmas@ax-law.com)
JAYSON S. SOHI (293176)(jsohi@ax-law.com)
AXCEL LAW PARTNERS LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone        415-704-8800
Facsimile        415-704-8804

Attorneys for Plaintiff DAVID R. SISKIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. SISKIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SURELL ACCESSORIES, INC., a New Hampshire corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David R. Siskin ("Plaintiff" or "Mr. Siskin") complains as follows:

### NATURE OF ACTION

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

3. Defendant Surell Accessories, Inc. ("Defendant" or "Surell") is subject to this Court's specific personal jurisdiction because Defendant conducts business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the acts of patent infringement that are described herein.

1

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Defendant is transacting, conducting/soliciting business, and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## THE PARTIES

5. Plaintiff David Siskin is an individual residing in Kentfield, California.

6. Defendant is a New Hampshire corporation with its headquarters and principal place of business at 198 North Main Street Troy, NH 03465. Defendant has been selling and offering to sell infringing products within the United States, and within this District, all without consent from Plaintiff. Defendant's infringing products include, but are not limited to, its Long Hair Rabbit Tech Earmuff with Velvet Band and Faux Beaver Tech Earmuff with Velvet Band ("Accused Products").

## FIRST CLAIM FOR RELIEF

### (Infringement of the '330 Patent)

7. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-6 above.

8. On February 23, 2010, U.S. Patent No. 7,668,330 B2 (the '330 Patent), entitled "Ear Warming Article Including Electronic Device and Easily Interchangeable Advertising Areas," was issued for the invention of a novel ear warming article and speaker or other electronic device. A copy of the '330 Patent is attached hereto as **Exhibit A**.

9. Plaintiff is a co-inventor and the assignee of the '330 Patent and has owned this patent throughout the period of Defendant's infringing acts up to the present.

10. Upon information and belief, Defendant has infringed and is still infringing the '330 Patent by making, selling, and using the Accused Products that embody the patented invention.

11. Plaintiff, as the proximate result of Defendant's patent infringement, has suffered and, if Defendant is not enjoined, will continue to suffer irreparable harm, for which Plaintiff has no adequate legal remedy.

**PRAYER FOR RELIEF**

Therefore, Plaintiff prays for judgment:

1. That Defendant has infringed the '330 Patent;

2. That Plaintiff be awarded damages from patent infringement according to proof;

3. Preliminarily and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing products or any other product that infringes the '330 Patent without permission or license from Plaintiff;

4. That Defendant be ordered to deliver to Plaintiff all products infringing the '330 Patent within its ownership, possession, or control for destruction by Plaintiff or, in the alternative, that the Court award a compulsory royalty for the current and future sale of such goods;

5. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorney's fees;

6. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment; and

7. For such other relief as the Court deems proper.


Dated: January 9, 2014						AXCEL LAW PARTNERS LLP

						*/s/ David T. Wei*
						David T. Wei

						Attorneys for Plaintiff David R. Siskin

Axcel Law Partners LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
415.704.8800